UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA LORRAINE SOLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-4:19-cv-04865 |
| | § | |
| CITY OF BAYTOWN, TEXAS; | § | JURY DEMANDED |
| SAMUEL A. SERRETT; and | § | |
| TEDDY F. SIMS, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO ENFORCE SUBPOENA SERVED ON CITY OF BAYTOWN, TEXAS, TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Jessica Lorraine Solis and files this Motion to Enforce a Subpoena Served on City of Baytown, Texas, to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action and would show the Court as follows:

**I.   Statement of the Issues.**

Plaintiff requests that the Court enforce the subpoena, overrule City of Baytown's objections, and compel City of Baytown to produce all materials responsive to Items 3, 5, 6, and 7 of the subpoena served on City of Baytown on October 29, 2020.

**II.     Summary of the Argument.**

Plaintiff's requests that City of Baytown produce communications from City of Baytown to the individual officer Defendants involved in the incident concerning City of Baytown's policies, practices, and customs and training are not "overbroad, vague, and unduly burdensome," nor has City of Baytown even attempted to make a showing that they are.  Release to Plaintiff of the personnel files of the individual Defendants pursuant to a subpoena is not prohibited by Texas law.

**III.    Procedural Background.**

On December 13, 2019, Plaintiff filed her original complaint (Doc. 1) against Defendants City of Baytown, Texas, Samuel A. Serrett, and Teddy F. Sims.  On March 31, 2020, City of Baytown filed a Motion to Dismiss for Failure to State a Claim (Doc. 20), which the Court granted on October 16, 2020 (Doc. 39).

Following dismissal of City of Baytown ("City") as a party to this litigation, in an effort to continue pursuing her claims against the individual Defendants, Plaintiff served City with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.  (Exhibit A.)

City since has informed Plaintiff that it objects to producing certain items listed specifically below.  (Exhibit B.)  Plaintiff now moves this Court to enforce the subpoena, overrule City's objections, and compel City to produce the listed items.

**IV.    Specific Documents and Items.**

**A. Policies and Training: Items 3 & 7.**

Item 3.  Copies of all documents, electronic documents, and emails which were ever provided to Samuel Serrett and/or Teddy Sims and which instructed them and/or communicated to them any of City of Baytown's policies or procedures regarding any of the following:
- treatment of suspects;
- interaction with people in the field;

- investigative stops;
- "Terry" stops;
- communication with the public;
- field sobriety tests;
- people who are suspected of being intoxicated in public;
- arrests;
- use of force;
- pursuit of suspects; and/or
- prosecution of suspects and/or arrestees.

Item 7.  Copies of all documents evidencing or referencing training ever given to Samuel Serrett and/or Teddy Sims relating to law enforcement.

City objects that Items 3 and 7 are "overbroad, vague, and unduly burdensome."  Plaintiff clearly seeks communications from City to the individual officer Defendants involved in the incident concerning City's policies, practices, and customs and training.  These communications establish City's expectations for the officers' conduct and serve to identify issues on which the officers were trained and how they were trained and concerns of which the officers had notice.  Pursuant to Fifth Circuit controlling authority, it is clear that evidence pertaining to the City's policies and to the training an officer has received may bear on a qualified immunity determination.  In *Darden v. City of Fort Worth*, 880 F.3d 722, n. 8 (5th Cir. 2018), the Fifth Circuit wrote: "We also find relevant, but not dispositive, the fact that Officer Romero's alleged conduct appears to have violated Fort Worth Police Department policies . . . While we certainly do not suggest that the violation of police department policies is sufficient to make out a constitutional violation, we have found their existence and corresponding notice to officers relevant in analyzing the reasonableness of a particular use of force under the totality of the circumstances."  In *Gutierrez v. City of San Antonio*, 139 F.3d 441 (5th Cir. 1998), the Fifth Circuit, in denying qualified immunity to the involved officers, found a genuine dispute of material fact as to whether officers acted reasonably by "hog-tying" an arrestee who eventually died because evidence suggested that

their police department may have prohibited the practice or had notice of its potential dangers through a law enforcement study it possessed. *Id.* at 448-449.

For Item 3, Plaintiff has outlined the specific materials ("documents, electronic documents, and emails") for which she desires City to search, as well as the specific topics ("treatment of suspects; interaction with people in the field; investigative stops; "Terry" stops; communication with the public; field sobriety tests; people who are suspected of being intoxicated in public; arrests; use of force; pursuit of suspects; and/or prosecution of suspects and/or arrestees") pertaining to this case regarding which she desires City to locate materials, so the request is hardly vague. For Item 7, Plaintiff seeks specifically only training materials. "Overbreadth" is essentially a proportionality objection and City has failed to properly assert that objection as well as the "unduly burdensome" objection, as City provided no specific details as to how the items are overbroad or burdensome. City is not permitted to resist discovery by making boilerplate objections. "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *St. Paul Reinsurance Co., Ltd. V. Com. Fin. Corp.*, 189 F.R.D. 508 (N.D. Iowa Nov. 22, 2000) *citing Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997). "The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. The objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D.Kan.1997) *citing Emps. Com. Union Ins. Co. of Am., et. al.*, 1993 WL 210012 (D.Kan.1993); *Roesberg v. Johns–Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980). The Court should compel City to produce these materials.

**B. Personnel Files: Items 5 & 6.**

<u>Item 5.</u>  A color copy of Samuel Serrett's complete personnel file (excluding documents regarding healthcare information and documents regarding retirement and/or pension benefits) but including but not limited to:

- All documents kept in physical file folder(s) and copies of the inside and outside of such folder(s);
- Employment applications;
- Documents evidencing any background investigation related to hiring;
- Performance and periodic reviews;
- Initial and probationary reviews;
- Evidence of licensure related to employment;
- Documents relating to hiring and termination;
- Documents evidencing or referencing any reasons for termination of employment;
- Documents relating to any disciplinary actions;
- Documents relating to any commendations;
- Documents referencing attendance for the one month period concluding one week after the date of the Incident;
- Job descriptions;
- Documents allegedly initialed and/or signed by him relating to his employment;
- Documents related to complaints by prisoners, co-workers, and/or supervisors;
- Awards or citations;
- Education records;
- Records of attendance at, and/or completion of, training programs and/or classes;
- Records of work-related meetings; and
- Contracts and/or agreements between the named person and City of Baytown.

<u>Item 6.</u>  A color copy of Teddy Sims's complete personnel file (excluding documents regarding healthcare information and documents regarding retirement and/or pension benefits) but including but not limited to:

- All documents kept in physical file folder(s) and copies of the inside and outside of such folder(s);
- Employment applications;
- Documents evidencing any background investigation related to hiring;
- Performance and periodic reviews;
- Initial and probationary reviews;
- Evidence of licensure related to employment;
- Documents relating to hiring and termination;
- Documents evidencing or referencing any reasons for termination of employment;
- Documents relating to any disciplinary actions;
- Documents relating to any commendations;

- Documents referencing attendance for the one month period concluding one week after the date of the Incident;
- Job descriptions;
- Documents allegedly initialed and/or signed by him relating to his employment;
- Documents related to complaints by prisoners, co-workers, and/or supervisors;
- Awards or citations;
- Education records;
- Records of attendance at, and/or completion of, training programs and/or classes;
- Records of work-related meetings; and
- Contracts and/or agreements between the named person and City of Baytown.

City objects that documents responsive to items 5 and 6 are confidential and privileged and may not be released pursuant to Texas Local Government Code Section 143.089. City cites for the Court only section (g) of the relevant sections of the statute titled "Personnel File." Plaintiff's subpoena is, however, governed by sections (f) and (g), which read:

> (f) *The director or the director's designee may not release any information contained in a fire fighter's or police officer's personnel file without first obtaining the person's written permission, unless the release of the information is required by law.*
>
> (g) A fire or police department may maintain a personnel file on a fire fighter or police officer employed by the department for the department's use, but the department may not release any information contained in the department file to any agency or person requesting information relating to a fire fighter or police officer. *The department shall refer to the director or the director's designee a person or agency that requests information that is maintained in the fire fighter's or police officer's personnel file.*

The "director" is a local individual appointed by the local civil service commission who may be a commission member, a municipal employee, or some other person who heads the municipality's "office of Director of Fire Fighters' and Police Officers' Civil Service."[1] Consequently, the correct procedure for City upon receipt of a lawfully issued subpoena requesting materials it believes to be maintained in a personnel file on a fire fighter or police officer employed

---

[1] Texas Local Government Code Section 143.012(a).

PLAINTIFF'S MOTION TO ENFORCE SUBPOENA SERVED ON CITY OF BAYTOWN, TEXAS, TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION – Page 6 of 9

by the department for the department's use would be to refer that subpoena to the civil service director, who can release the material pursuant to the subpoena as required by law.  The City is not, as it appears to claim, categorically prevented from releasing these materials by this statute, and none of the cases cited by City pertain to the interaction of the Texas Local Government Code with a federal subpoena.  In fact, *Ealoms v. State*, 983 S.W.2d 853 (Tex.App.—Waco, 1998) supports the proposition that a criminal defendant *should have been made aware* of the information favorable to him that was *contained within an officer's personnel file* (but found the evidence was not such as to undermine confidence in the trial), so it is clear that these materials are subject to discovery efforts.  *Id.* at 860.  Therefore, the Court should compel City to produce these materials.

**V.     Conclusion and Prayer.**

Therefore, Plaintiff requests that the Court enforce the subpoena, overrule City's objections, and compel City to produce all materials responsive to Items 3, 5, 6, and 7 of the subpoena served on City of Baytown on October 29, 2020.  Plaintiff also requests all other relief, legal and equitable, general and specific, to which Plaintiff is entitled.

Respectfully submitted:

Law Offices of Dean Malone, P.C.

By:   /s/  Kristen Leigh Homyk
      Kristen Leigh Homyk

Attorney-in-Charge:

T. Dean Malone
Texas State Bar No. 24003265
Southern District Bar No. 37893
dean@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:      (214) 670-9904

Of Counsel:

Michael T. O'Connor
Texas State Bar No. 24032922
Southern District Bar No. 37991
michael.oconnor@deanmalone.com
Kristen Leigh Homyk
Texas State Bar No. 24032433
Southern District Bar No. 3513488
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Jackson Street, Suite 730
Dallas, Texas 75202
Telephone:   (214) 670-9989
Telefax:      (214) 670-9904

Attorneys for Plaintiff

CERTIFICATE OF CONFERENCE

I certify that I have conferenced with Counsel for Defendants Serrett and Sims regarding the issues presented and relief requested in this Motion and they are opposed. Counsel for City of Baytown, Texas, is also opposed.

    /s/ Kristen Leigh Homyk
Kristen Leigh Homyk

CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a notice of electronic filing to the following attorneys:

Mr. William Helfand
Mr. Norman R. Giles
Lewis, Brisbois, Bisgaard & Smith, LLP
24 Greenway Plaza, Suite 1400
Houston, TX 77046

Mr. Steven D. Selbe
Gordon, Rees, Scully, Mansukhani, LLP
1900 W. Loop, Suite 1000
Houston, TX 77027

    /s/ Kristen Leigh Homyk
Kristen Leigh Homyk