United States District Court
Southern District of Texas
**ENTERED**
January 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSICA LORRAINE SOLIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-4865 |
| | § | |
| CITY OF BAYTOWN, TEXAS; | § | |
| SAMUEL A. SERRETT; and | § | |
| TEDDY F. SIMS, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Motion to Alter Judgment (Doc. No. 42) filed by the Plaintiff, Jessica Lorraine Solis (hereinafter "Plaintiff" or "Solis"). The Defendant, City of Baytown (hereinafter "Defendant" or "Baytown"), has filed its response in opposition (Doc. No. 43), to which the Plaintiff has replied. (Doc. No. 44). Also at issue are the Plaintiff's objections to the additions made by Baytown Assistant Chief of Patrol to his deposition answers that were made after the deposition when he read and signed it. The Court will address the issues in reverse order.

**I.  Factual Background**

Earlier this Court granted the Motion to Dismiss filed by Baytown. (Doc. No. 39). It allowed Plaintiff an opportunity to replead should she want to pursue possible liability under the so-called "single incident" doctrine. This doctrine has been recognized by the Fifth Circuit as an exception to the requirement that to prevail against a municipality in a 42 U.S.C. § 1983 lawsuit one must plead (and eventually prove) a pattern of acts or omissions by the city or a relevant city policy that lead to the incident giving rise to the claims. *See e.g., Sanchez v. Young Cty., Tex.*, 956 F.3d 785 (5th Cir. 2020). Otherwise, a municipality may not be held liable for acts or omissions of its police officers because respondeat superior/vicarious liability does not exist in cases brought

pursuant to 42 U.S.C. § 1983. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell v. Dep't of Soc. Servs. of New York City*, 436 U.S. 658, 665–92 (1978).

Solis chose not to replead, despite being given an opportunity by this Court and despite the fact that this Court had found that she had failed to adequately plead an official Baytown policy or custom that was the "moving force" behind the alleged constitutional violation. Given the fact that the pleadings did not pass muster and given the fact that Solis did not replead as this Court suggested, Baytown's motion to dismiss was granted and Baytown was dismissed, leaving the lawsuit pitting Solis against only the two police officers involved in her arrest.

Subsequent to the dismissal of Baytown, the Plaintiff deposed Baytown's Assistant Chief of Patrol (and corporate representative) David Alford ("Alford"). The pertinent testimony to both the Motion to Alter and the deposition dispute between the parties is as follows:

> Q. Did either of the officers violate any City of Baytown use-of-force policy during the incident?
>
> A. No, sir.
>
> Q. Were the officers' use of force during the incident consistent, then, with City of Baytown policy?
>
> A. Yes, sir.
>
> Q. And did either of the officers violate any City of Baytown policy – and you understand when I say "City of Baytown," that includes the police department?
>
> A. Yes, sir, I do.
>
> Q. Did either of them violate any policy related to arrests during the incident?
>
> A. No, sir.
>
> Q. So they – they acted consistent with City of Baytown policy regarding arrests during the incident.
>
> A. Yes, sir.

(Oral Depo. of Alford, Oct. 28, 2020, p. 12).

When the witness read and signed the deposition, he basically expanded on the answers quoted above as follows:

| Pg. | Ln. | Now Reads | Should read |
|---|---|---|---|
| 12 | 4 | "No, sir" | "No, sir. If the incident report is accurate, and based on my review of the videos, a portion of the deposition testimony of the Plaintiff and the expert report of Albert Rodriguez, it appears that the officers used a minimal amount of force to take her into custody when the Plaintiff informed the officers she would not be arrested and she backed away from them. In addition, the force appeared to cease immediately upon the Plaintiff being placed in handcuffs." |
| Reason: Clarification. | | | |
| 12 | 20 | "Yes, sir" | "Yes, sir. If the officers' observations were accurately recorded, and based on my review of the videos, a portion of the deposition testimony of the Plaintiff, the expert report of Albert Rodriguez and Section 542.392 of the Texas Transportation Code, it appears probable cause existed for the arrest of the Plaintiff." |
| Reason: Clarification. | | | |

(Doc. No. 43-1). Solis complains about these "clarifications" and the Court will discuss those objections in the latter part of this opinion. Regardless, the heart of Solis' Motion to Alter is Alford's affirmative response as to whether the officers' conduct was consistent with the prevailing Baytown policies.

II. **Discussion**

Solis' Motion to Alter is essentially a motion to set aside this Court's prior dismissal of Baytown. The crux of the motion is that Alford's answers as quoted above to the effect the officers in question did not violate Baytown's use of force policy and that their actions were consistent with the use of force policy provide the missing pieces to the puzzle. According to Solis, the

3

deposition answers enable her to plead that the force used and behavior exhibited by Officers Serrett and Sims "was not anecdotal or the product of aberrant behavior by individual officers; rather, the Officers' conduct was the type the City expects and therefore was undertaken pursuant to the policies adopted and/or endorsed by the City." (Doc. No. 42, 2–3).

Procedurally, Solis claims that this evidence was not previously available and therefore her motion qualifies under Rule 59(e) as that rule has been interpreted by the Fifth Circuit.

Baytown, not surprisingly, opposes the motion. It argues procedurally that the "newly discovered evidence" does not remedy the gaps in Solis's pleadings. Moreover, it claims substantively that the testimony cannot add anything to what has been pleaded. Baytown also disputes the implications that Solis seems to draw from this testimony. Finally, Baytown contends that the corrections/explanations made by the witness when he read and signed the deposition are standard and nothing more than routine additions that witnesses are allowed to make.

### A.   The Deposition

The parties have expended much time and effort arguing over the "changes/corrections/supplementations" Alford made to his deposition. Regardless of how they are described, the Court finds these amendments (at least in this context) to be a tempest in a teapot. The witness, the Assistant Chief of Patrol and, in effect, Baytown's corporate representative, was not present at the incident that is the basis of this lawsuit. No one from either side, be they a party or lawyer, has suggested otherwise. He was asked questions about the behavior at the incident of the officers in question. Clearly to answer these questions, Alford, or any other Baytown representative who was not present at the scene, had to rely on information gained from third parties and/or other sources. The fact that Alford, after the deposition, added the basis for his knowledge to his answers does not change or add to the effect of his answers. The fact that his

4

answer was based upon his review of the video, incident reports, and deposition testimony is not surprising. In fact, it would be shocking if he testified on behalf of Baytown without reviewing those items. Consequently, the Court finds no misconduct involved.

That being said, the original answers to the deposition questions basically affirmed that the conduct in question did not violate the policies of Baytown and the expansion on these answers neither adds to nor changes the effect of the original answers. The Court, therefore, will utilize the original, non-supplemented deposition answers to resolve Plaintiff's motion.

### B. The Motion to Alter

This Court dismissed the claims against Baytown because Plaintiff failed to plead a pattern or policy that gave rise to the Plaintiff's alleged injuries. The Court noted that one instance does not make a pattern and that "to plausibly plead a practice" it had to be "so persistent and widespread as to practically have the force of law." (Doc. No. 28 at 6–7) (quoting *Ratliff v. Aransas Cty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020)) ("The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spillar v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Solis pleaded no such facts, leaving the Court with no choice but to dismiss the claims against Baytown.

The current issue is whether these new "facts" (the deposition testimony) change anything. The Court finds they do not.

Solis contends that the fact Alford did not find the conduct of either Sims or Serrett to violate city policy should change the Court's prior decision:

> This Court determined that Plaintiff's *Monell* allegations that the individuals acted pursuant to Baytown policy were conclusory and unsupported by facts. (*See* Doc. 28.) The City now flatly admits that Officers Serrett and Sims acted in accordance with City policy. This new evidence allows Plaintiff to cure the deficiencies identified by the Court by pleading with specificity that the force and behavior in which Defendants Serrett and Sims engaged was not anecdotal or the product of

5

> aberrant behavior by individual officers; rather, the officers' conduct was of the type the City expects and therefore was undertaken pursuant to the policies adopted and/or endorsed by the City. Plaintiff therefore requests that this Court set aside its final judgment in favor of the City and allow Plaintiff to replead to incorporate the new evidence.

(Doc. No. 42, 2–3).

The Court finds this argument to be creative, but flawed. First, the Court found that the Plaintiff had not sufficiently pleaded a policy that was promulgated or implemented with deliberate indifference to the fact that constitutional violations would occur. One pleads deliberate indifference by pleading a pattern of similar violations arising from a policy "so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'" *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001).

This Court found that Plaintiff had not pleaded such a policy or pattern. Indeed, what Plaintiff pleaded was a policy that limited the use of force to "only use that amount of force necessary to affect [sic] such arrest and protect themselves or others." (Doc. No. 17 at 20). The fact that the designated representative of Baytown thinks that Serrett and Sims complied with this policy does not change the pleading requirements set out by the Supreme Court and the Fifth Circuit; nor does it implicate Baytown. Any other ruling would effectively undermine the general rule that a city has no vicarious liability in § 1983 cases. *Pembaur*, 475 U.S. at 478. It would make any municipality automatically liable if they thought or stated that their officers acted appropriately, and eventually a fact-finder found otherwise.

Solis has not attached to her motion a proposed amended complaint so that this Court can evaluate the manner in which she proposes to replead. This omission puts the Court at a disadvantage. It is forced to predict how she would actually replead based on the current motion.

6

Nevertheless, this Court takes Solis at her word that she would plead that the testimony in question establishes a policy or pattern. One person's opinion (even if that person is a corporate representative) based upon one incident does not establish a pattern or policy in light of the fact that the stated policy is facially innocuous, nor does it demonstrate deliberate indifference.

Baytown, recognizing this defect, in its response suggests that what Solis is actually trying to demonstrate/plead is municipal liability under a theory of ratification. This theory, however, was specifically negated by Plaintiff in her response: "Plaintiff does not seek to rely on a ratification theory in her repleading, as her motion makes manifestly clear." (Doc. No. 44 at 4). In making this disclaimer, Solis insists that the deposition testimony establishes that the officers in question were acting "pursuant to Baytown policy." (Doc. No. 44 at 4). This is not accurate—what the testimony establishes is that in Alford's opinion (or Baytown's opinion since he was Baytown's corporate representative) the officers' actions did not contravene Baytown policy. Specifically, Alford said that the actions: (1) did not violate Baytown's "use of force policy"; (2) were consistent with Baytown's use of force and arrest policies; and (3) did not violate any policy related to arrests.

These statements are not the same as stating the officers' actions were taken "pursuant to Baytown policy" as argued by Solis. The policy does not dictate any specific action; it sets a boundary beyond which an officer should not go. It merely sets out a guideline that the use of force shall be limited to that force "necessary to effect such arrest and protect themselves or others." (Doc. No. 17 at 20).

> Put another way, Solis has pleaded:
>
> Thus, Defendant Officers jointly arrested Lorraine and, since both physically caused her to be thrown to the ground, both used force incident to that arrest. *When doing so, they violated the Baytown policy requiring them to only use the amount of force necessary to effect the arrest and protect themselves or others.*

(Doc. No. 17 at 20) (emphasis added).

To plead municipal liability under § 1983, one must plead three elements: (1) a policymaker; (2) an official policy; and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694). Requiring satisfaction of these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id.*

An official policy "usually exists in the form of written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). Whatever its form, to result in municipal liability under § 1983, the policy must have been the "moving force" behind the plaintiff's constitutional violation. *Piotrowski*, 237 F.3d at 580 (quoting *Monell*, 436 U.S. at 694). In other words, a plaintiff "must show direct causation, i.e., that there was a 'direct causal link' between the policy and the violation." *James*, 577 F.3d at 617 (quoting *Piotrowski*, 237 F.3d at 580). "Where an official policy or practice is unconstitutional on its face, it necessarily follows that a policymaker was not only aware of the specific policy, but was also aware that a constitutional violation [would] most likely occur." *Burge*, 336 F.3d at 370 (citing *Piotrowski*, 237 F.3d at 579).

On the other hand, in instances such as this one, where the alleged policy is facially innocuous, establishing the requisite official knowledge necessitates that a plaintiff demonstrate (or plead) that the policy was promulgated or "implemented with 'deliberate indifference' to the 'known or obvious consequences' that constitutional violations would result." *See Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v.*

8

*Brown*, 520 U.S. 397, 407 (1997), *cert. denied*, 193 S. Ct. 2690 (2019); *Burge*, 336 F.3d at 370 (must show "facially innocuous" policy or custom was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result") (internal quotations omitted).

Establishing deliberate indifference generally requires a "pattern of similar violations" arising from a policy "so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'" *Burge*, 336 F.3d at 370 (quoting *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)). A narrow 'single incident' exception to the pattern requirement, however, has been recognized. *Id*. For deliberate indifference to be based on a single incident, "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy." *Alvarez*, 904 F.3d at 390 (quoting *Burge*, 336 F.3d at 373) (alleged facts must be such that "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train").

Mere negligence, even gross negligence, is not sufficient to establish deliberate indifference. *Brown v. Bryan Cty.*, 219 F.3d 450, 460–63 (5th Cir. 2000). The causal link "moving force" requirement and the degree of culpability "deliberate indifference" requirement must not be diluted, for "where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability." *Alvarez*, 904 F.3d at 390 (internal quotations omitted).

Now, based upon Alford's deposition testimony, Solis claims that she should be able to replead because the unconstitutionality of the officers' actions is proven by the video(s) she attached to her reply (Doc. No. 44, Ex. B). This argument, in effect, leaves the Court with two positions before it. It has the Plaintiff saying, "look at the video; the conduct is clearly

9

unconstitutional," and Baytown's representative testifying "the force exerted seemed reasonable under the circumstances."

What the Court does not have before it is any reason to feel that leave to replead will change anything. Plaintiff still does not plead any basis to consider this episode as more than a one-time event. She has not provided this Court with any reason to believe she can plead a policy or pattern. The fact that she believes excessive and unconstitutional force was used, and Alford thinks it was not, does not establish municipal liability. Her putative pleadings, at least as described, do not change the situation.

Since Solis has stipulated she is not pursuing a claim of ratification and still cannot in good faith plead a pattern or policy, the only remaining pleading pathway is to plead a single episode claim. *See Sanchez v. Young Cty., Tex.*, 956 F.3d 785 (5th Cir. 2020); *Covington v. City of Madisonville*, No. 18-20773, 2020 WL 251661 (5th Cir. May 15, 2020). Solis was given this opportunity by the Court and she rejected it. This Court in the order dismissing Baytown specifically gave her leave to file an amended complaint asserting this claim. Solis refused to do it. Consequently, that is not a possibility either.

### III. Conclusion

Solis has rejected the theories of "ratification" and "single episode." In her most recent motion she has not given this Court any specific reason to believe that she can cure the lack of specificity with regard to a pattern or policy in the dismissed complaint. Consequently, the Court denies Plaintiff's Motion to Alter or Amend Judgment. (Doc. No. 42).

SIGNED at Houston, Texas this 29th day of January, 2021.

Andrew S. Hanen
United States District Judge